THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE
NORTHWEST IRONWORKERS HEALTH
AND SECURITY FUND, et al.,

              Plaintiffs,

v.

NORTH COAST IRON CORP, a
Washington Corporation, UBI No.
603241293, Contractor's License No.
NORTHCI887PN; KENT DUANE
SCHLUTER and JANE DOE
SCHLUTER, and the marital community,
jointly and severally; and IRONSHORE
INDEMNITY INC., BOND NO.
SUR40009296;

              Defendants.

NO. 2:17-CV-01543-JCC

*PRAECIPE CORRECTING* DECLARATION
OF KAREN BAYNE IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT

KAREN BAYNE DECLARES AND STATES:

1.    I am employed by Welfare and Pension Administration Service, Inc.
("WPAS"), the third-party administrator for the plaintiff Trust Fund, collectively referred to
as the Northwest Ironworkers Trust Funds ("the Trust Funds"). I am competent to testify to

KAREN BAYNE DECLARATION – 1
Cause No. 2:17-CV-01543-JCC

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900



the facts set forth in this declaration.  I make this declaration based on my own personal knowledge and my review of records and files in this matter.

2.      My responsibilities as the Senior Data Controller are to monitor delinquent accounts, maintain records on behalf of the Trust Funds, including, but not limited to, copies of the bargaining agreements, signature pages, employer remittance reports, and payroll audits.

3.      The Trust Funds are funded by employer contributions made on behalf of employees who are covered by the Master Labor Agreements ("MLA") between the Northwest Ironworkers Employers Association and the Ironworkers District Council of the Pacific Northwest and its affiliated Local Unions, #14, #29, and #86.

4.      Employers sign Ironworker Independent Agreements or Project Labor Agreements, which bind them to the terms of the MLA.  The contribution rate is set by the MLA, and is generally paid on an employee's behalf on a per hour worked basis.  The Trusts are not parties to the MLA which requires payment of the employer contributions.

5.      The MLA between the Northwest Ironworkers Employers Association and the Ironworkers District Council of the Pacific Northwest and its affiliated Local Unions, #14, #29, and #86 requires the signatory contractors to contribute to the Trust Funds and incorporates the terms of the underlying Trust Agreements.

6.      The MLA and Trust Agreements requires an employer, such as North Coast Iron Corp. ("North Coast") to submit its contributions by the 15th of the month following the month worked.  See Ex. A and attached the Trust Agreements attached below.

7.      I reviewed North Coast's labor agreement, remittance history and audit report.

KAREN BAYNE DECLARATION – 2
Cause No. 2:17-CV-01543-JCC

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

2900 064 uc251203

8.      Following execution of the Independent Agreement, North Coast hired employees who performed work subject to the Master Labor Agreement's scope of work provisions.  North Coast also began submitting monthly remittance reports and payments to the Ironworkers Trust Funds' administration office.

9.      Prior to September 2017, vacation contributions were withheld from North Coast's employees' paychecks.  After September 2017, the vacation funds were no longer withheld from the employees' paychecks as they became employer side contributions in the form of "paid time-off" or "PTO."

10.      Based on my review of North Coast's remittance history (Ex. J) and the Claims Summary showing the amounts owed from North Coast's remittance reports and the payments made (Ex. K) North Coast owes $833,221.46 in contributions, $60,024.16 in interest, and $162,169.83 in liquidated damages for the July 2018 through February 2019 post-audit delinquent period.

11.      Attached are true and correct copies of the following documents.   These documents are kept in the ordinary course of Trust administration:

Exhibit A:      Independent Agreement executed on March 25, 2016;

Exhibit B:      Master Labor Agreement between the District Council of Iron Workers of the Pacific Northwest ("Union") and associated Iron Workers Local Unions, effective July 1, 2014 through June 30, 2017;

Exhibit C:      Wage and Welfare Bond executed by North Coast Iron on March 23, 2016 for the benefit of the Trust Funds;

KAREN BAYNE DECLARATION – 3
Cause No. 2:17-CV-01543-JCC

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Exhibit D:   Revised Trust Agreement of the Northwest Ironworkers Health and Security Trust;

Exhibit E:   Revised Trust Agreement of the Northwest Ironworkers Retirement Trust;

Exhibit F:   Revised Trust Agreement of the Northwest Ironworkers Employers Vacation Trust;

Exhibit G:   Trust Agreement of the Ironworkers District Council of the Pacific Northwest Ironworker Annuity Fund;

Exhibit H:   Revised Trust Agreement of the Pacific Northwest Ironworkers and Employers Apprenticeship and Training Trust;

Exhibit I:   North Coast's April 2016 through June 2018 Payroll Audit, dated March 4, 2019;

Exhibit J:   North Coast's July through February 2018 Remittance Reports;

Exhibit K:   Employer Remittance Reports Claim Summary prepared by collections counsel from records provided by WPAS.

12.     The audit report shows that North Coast failed to remit all contributions during the audit period of April 2016 through June 2018.  It also shows that North Coast made improper payments during the audit period of April 2016 through June 2018 which are reflected as "overpayments".

13.     Certain amounts improperly paid cannot be refunded to the North Coast (or any employer). Upon receipt by the Trust Funds, vacation funds (which were withheld from the employees' paychecks) are transferred to the employees' accounts so they cannot be

KAREN BAYNE DECLARATION – 4
Cause No. 2:17-CV-01543-JCC

2900 064 uc251203

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

refunded.  PTO funds cannot be refunded as the benefits have already been transferred to the employees' accounts.  Health and welfare funds are used to provide health benefit eligibility to the employees, so these amounts cannot be refunded or offset.  Pension and Annuity Funds cannot be refunded without verifying whether or not the reported employees have made withdrawals from the fund.

14.     The Trust Funds may also require the employer to pay the outstanding amounts owed before any improperly paid contributions will be refunded to them.

15.     As of the date of this declaration, Mr. Schluter and North Coast, jointly and severally, have not remitted all of the vacation contributions and dues withheld from North Coast employee paychecks.

16.     According to the auditor, for April 2016 through August 2017 $3,241.67 in vacation pay was withheld from employee paychecks. $750.00 in liquidated damages and $316.95 in interest are due on the withheld vacation pay.

17.     For the July 2018 through February 2019 post-audit period, $21,164.24 in Dues were withheld, but not remitted to the Ironworkers Trust Funds.

18.     On April 8 and April 9, the Trust Funds have received three payments toward North Coast's accounts in the amounts of $127,347.88, $12,771.20, and $87,159.44.  The Trust Funds acknowledge the payments, but have not yet applied the payments to the individual funds.

19.     As of the date of this declaration the total amount due to the Trust Funds for April 2016 through February 2019 totals $1,101,276.24 comprised of $806,569.10 in

KAREN BAYNE DECLARATION – 5
Cause No. 2:17-CV-01543-JCC

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

2900 064 uc251203



1   contributions, $195,130.92 in liquidated damages, $85,256.93 in interest, and $14,319.29 in

2   audit fees.

3       I declare under the penalty of perjury of the laws of the State of Washington that the

4   foregoing is true and correct.

5       DATED at Seattle, Washington this _9th_ day of _April_ , 2019.

6       _Karen Bayne_

          Karen Bayne

KAREN BAYNE DECLARATION – 6
Cause No. 2:17-CV-01543-JCC

2900 064 uc251203

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

CERTIFICATE OF SERVICE

This will certify that on April 10, 2019, I caused the foregoing Praecipe to Karen Bayne's Declaration to be electronically filed with the Clerk of the Court using the CM/ECF system. This certifies that the foregoing document was served via CM/ECF electronic mail on all registered users.

Dated this 10th day of April 2019, at Seattle, Washington.

/s/ Noelle E. Dwarzski
Noelle E. Dwarzski, WSBA #40041
McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
Attorneys for Plaintiff Trust Funds

KAREN BAYNE DECLARATION – 7
Cause No. 2:17-CV-01543-JCC

2900 064 uc251203